IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHANGHAI WESTON TRADING CO., LTD., fka WESTON SCIENTIFIC CO., LTD. 4711 Jiaotong Road, Suite 404 Putuo District Shanghai, China 201108 | ) ) ) ) ) ) | CASE NO.: JUDGE |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY** |
| TEDIA COMPANY, LLC, fka TEDIA COMPANY, INC. 1000 Tedia Way Fairfield, OH 45014 | ) ) ) ) ) | **JUDGMENT, AND COMPENSATORY AND PUNITIVE DAMAGES** |
| **PLEASE ALSO SERVE:** | ) ) ) | |
| TEDIA COMPANY, LLC, fka TEDIA COMPANY, INC. c/o Rozelia S. Park, Statutory Agent 1000 Tedia Way Fairfield, OH 45014 | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Shanghai Weston Trading Co., Ltd., fka Weston Scientific Co., Ltd. ("Weston"), by and through counsel, hereby states for its Complaint against Defendant Tedia Company, LLC, fka Tedia Company, Inc. ("Tedia"), as follows:

## NATURE OF THE CASE

1.     Weston brings this action for injunctive relief and compensatory and punitive damages against Tedia because Tedia breached and continues to breach an

Exclusive Distributor Agreement, which is evidenced by a series of certificates of exclusive distributor agreements, with Weston (the "Agreement").

2.    Tedia has breached the Agreement by engaging in conduct and activity prohibited by its terms. More specifically, Tedia is selling goods which it promised to sell exclusively to Weston ("Tedia Products"), to one or more third-party entities in China, in violation of the Agreement.

3.    Tedia also has failed to deliver products from multiple purchase orders submitted by Weston and accepted by Tedia, which breaches those purchase contracts, violates the Agreement, and is contrary to prior business practices between the companies.

4.    Additionally, Tedia has acted intentionally and maliciously to interfere with the contractual rights and business relations of Weston with Anhui Tedia High Purity Solvents Co., Ltd ("Anhui Tedia"), a former subsidiary of Tedia. More specifically, Tedia's conduct has caused, enabled, assisted, or permitted Anhui Tedia to breach its Agreement and unfairly modify its business relations with Weston by entering into a distribution agreement and selling Tedia Products to Weston's former customer, Shanghai Titan Technology Co., Ltd. ("Titan"), and unreasonably increasing the price of Tedia Products sold to Weston.

5.    The intended and likely result of Tedia's conduct is that Weston has, and will continue to, suffer damages that Weston anticipates being in excess of $10,000,000, and that Weston's ability to sell Tedia Products in China in accordance with the

Agreement abruptly ceased, which will be fatal to Weston because distribution of Tedia Products accounts for a majority of Weston's business.

6.  In addition to legal damages, Weston seeks an injunction to: (i) prohibit Tedia from selling or providing Tedia Products to any person or entity, other than Weston, in China for the remaining term of the Agreement, which originally expires on December 31, 2023, but should be extended for the period of Tedia's breach, *i.e.*, from September, 2021 to such a date that Tedia, either voluntarily or by Court Order, fully and continuously complies with the Agreement; (ii) prohibit Tedia from enabling, assisting, or permitting in any way, its former subsidiary, Anhui Tedia, from breaching the Agreement with Weston; and (iii) require Tedia to fully and continuously comply with the Agreement and deliver the Tedia Products listed on the purchase orders directly to Weston.

7.  Weston is also seeking a declaration that, under the Agreement:

    (a)  Weston is the exclusive distributor of all Tedia Products in China;

    (b)  Weston is exclusively authorized to purchase Tedia Products in China, to the exclusion of all other persons or entities;

    (c)  Tedia is bound to provide Tedia Products for distribution in China directly to Weston;

    (d)  The term of the Agreement continues until December 31, 2023, and as extended for the period of Tedia's breach, i.e., from September, 2021 to such date that Tedia, either voluntarily or by Order of this Court, fully and continuously complies with the Agreement; and

    (e)  Tedia is bound to ship the Tedia Products ordered by Weston via the POs (as defined below) and accepted and acknowledged by Tedia via the OAs (as defined below), in accordance with the terms set froth therein, and directly to Weston.

**THE PARTIES**

8.      Weston is a company organized under Chinese law with its principal place of business located in Shanghai, China at the address set forth in the caption of the Complaint. Weston is in the business of marketing, selling, and distributing products, including chemical solvents, throughout China. Weston has been the exclusive distributor of Tedia Products in China since November 1998.

9.      Tedia is a company organized under Delaware law with its principal place of business located in Fairfield, Ohio at the address set forth in the caption of the Complaint. Tedia is engaged in the business of manufacturing and selling chemical-based solvents, with a market in China exclusively through Weston.

**VENUE**

10.     Venue is proper in the Federal District Court for the Southern District of Ohio pursuant to 28 U.S.C § 1391(b)(1).

**OPERATIVE FACTS**

THE EXCLUSIVE DISTRIBUTOR AGREEMENT

11.     Tedia first introduced its products in China in or around November 1998.

12.     Since November 1998, Weston has been the exclusive distributor of Tedia Products in China.

13.     On November 23, 1998, Tedia initially entered into the Agreement with Weston by issuing the first Certificate of Exclusive Distributor Agreement to Weston (the "1998 Certificate"). A copy of the 1998 Certificate is attached hereto as **Exhibit A**.

4

14.     The 1998 Certificate made Weston the "exclusive distributor of [Tedia] in China" and entitled Weston to exclusively "sell, accept, and process orders for and distribute the Tedia reagent and laboratory chemicals in China."

15.     The 1998 Certificate stated that the Agreement "terminates upon written notice by [Tedia], unless mutually by both parties."

16.     Hoon Choi signed the 1998 Certificate as General Manager of Tedia.

17.     Hoon Choi is or was a shareholder of Tedia and legal representative for Anhui Tedia.

18.     As a result of entering into the Agreement with Tedia, Weston has invested substantial money, resources, and efforts into, among other things, the marketing and sale of Tedia Products, the building of distribution systems for Tedia Products throughout China, including more than 3,000 distribution outlets, and tens of thousands of end users, stocking Tedia inventory, leasing facilities for the storage of Tedia Products, and hiring necessary personal.

19.     From 1998 until recently, all Tedia Products sold in China are believed to have been sold exclusively through Weston, under the brand name "Tedia."

20.     Since 1998 Tedia has received revenue as a result of its exclusive distribution relationship with Weston and Weston's efforts of selling Tedia Products.

21.      Weston's efforts on behalf of Tedia helped build Tedia into a prominent brand in China, resulting in goodwill for Tedia.

22.     Over the next 14 years - namely in 2000, 2004, 2008, 2009, 2011, and 2012 – Tedia issued Certificates of Exclusive Distributor Agreement to Weston that established

or reaffirmed Weston as the exclusive distributor of Tedia Products in China and authorized Weston to exclusively sell, accept, and process orders for Tedia Products in China for the term specified in each Certificate. The 2000, 2004, 2008, 2009, 2011, and 2012 Certificates are attached hereto and incorporated herein as **Exhibit B, C, D, E, F, and G**, respectively.

23.     Each Certificate was sent from Tedia to Weston prior to the expiration of the prior term of the Agreement.

24.     An authorized representative signed each Certificate on behalf of Tedia.

25.     In 2011, Tedia, through its Hong Kong subsidiary/affiliate – Tedia Asia-Pacific Limited, formed Anhui Tedia as a joint venture with Anhui Longhua Fine Chemicals Co., Ltd.

26.     The decision to form Anhui Tedia was motivated, at least in part, by Weston's successful marketing and sale of Tedia Products in China over the prior 13 years.

27.     From 2011 through December 3, 2021, Tedia was the controlling shareholder of Anhui Tedia through its Hong Kong subsidiary and certain officers of Tedia also served in the management of Anhui Tedia.

28.     In addition to being the controlling shareholder of Anhui Tedia, Tedia also licensed the necessary intellectual properties, including product technology, intellectual property, and trademark, to Anhui Tedia in 2011 to enable it to manufacture products under the Tedia brand.

29. In 2011, Anhui Tedia began preparations for manufacturing certain Tedia Products at its facility located in China.

30. In 2013 Anhui Tedia achieved the capacity to manufacture and sell Tedia Products.

31. The Tedia Products manufactured by Anhui Tedia are subject to the Agreement.

32. More specifically, pursuant to the Agreement, Weston was, and is, Tedia's *exclusive* distributor in China and is *exclusively* authorized to sell, accept, and process orders in China, including Tedia Products manufactured by Anhui Tedia.

33. On December 1, 2013, with the Agreement still in force, Tedia issued another Certificate of Exclusive Distributor Agreement to Weston (the "2013 Certificate"). A copy of that 2013 Certificate is attached hereto as **Exhibit H**.

34. The 2013 Certificate reaffirmed on behalf of Tedia and Anhui Tedia that Weston "is Tedia's exclusive distributor in China" and that "[Weston] is exclusively authorized to purchase from Tedia, market and sell Tedia products in China."

35. The 2013 Certificate stated that the "certificate expires on December 31, 2018."

36. The Vice President of China Operations for Tedia and Director of Anhui Tedia signed the 2013 Certificate.

37. On February 6, 2018, with the Agreement still in force, Tedia issued another Certificate of Exclusive Distributor Agreement to Weston (the "2018 Certificate"). A copy of that 2018 Certificate is attached hereto as **Exhibit I**. Each Certificate of Exclusive

Distributor Agreement referenced above may be referred to herein individually as a "Certificate" or collectively as the "Certificates."

38.    The 2018 Certificate reaffirmed on behalf of Tedia and Anhui Tedia that Weston "is Tedia's exclusive distributor in China" and that "[Weston] is exclusively authorized to purchase from Tedia, market and sell 'Tedia' products in China."

39.    The 2018 Certificate stated that the "certificate [*i.e.*, the Agreement] is in effect January 1, 2019, to December 31, 2023."

40.    Hoon Choi signed the 2018 Certificate as President of Tedia and as legal representative for Anhui Tedia.

41.    The Tedia Products referenced in the 2018 Certificate included *all* Tedia Products manufactured by Tedia in the U.S. and Anhui Tedia in China.

CONTRACTS FOR THE PURCHASE AND SALE OF TEDIA PRODUCTS

42.    On September 17, 2021, Weston submitted Purchase Order No.: WES-21-9USA, to Tedia ("9/17 PO") to Tedia. A copy of the 9/17 PO is attached hereto as **Exhibit J**.

43.    On September 22, 2021, Tedia accepted the 9/17 PO and issued Order Acknowledgment No.: 46569 ("OA 46569") to Weston by email, with a promised ship date of December 3, 2021. A copy of OA 46569 and the email transmitting it was sent from Tedia to Weston are attached collectively hereto as **Exhibit K**.

44.    On October 5, 2021, Weston submitted Purchase Order No.: WES-21-10USA to Tedia ("10/5 PO") to Tedia. A copy of the 10/5 PO is attached hereto as **Exhibit L**.

8

45.     On November 13, 2021, Tedia accepted the 10/5 PO and issued Order Acknowledgment No.: 46923 ("OA 46923") to Weston by email, with a promised ship date of February 4, 2022. A copy of OA 46923 and the email transmitting it to Weston are attached hereto collectively as **Exhibit M**.

46.     On November 10, 2021, Weston submitted Purchase Order No.: WES-21-11USA to Tedia ("11/10 PO") to Tedia. A copy of the 11/10 PO is attached hereto as **Exhibit N**. The 9/17 PO, 10/5 PO, and 11/10 PO are referred to herein collectively as the "POs."

47.     On November 13, 2021, Tedia accepted the 11/10 PO and issued Order Acknowledgement No.: 47629 ("OA 47629") to Weston by email, with a promised ship date of March 11, 2022. A copy of OA 47629 and the email transmitting it to Weston are attached hereto collectively as **Exhibit O**. OA46569, OA46923, and OA 47629 are referred to herein collectively as the "OAs."

48.     Each PO and its corresponding OA constitute a legally binding contract for the sale of goods.

49.     Each PO was issued by Weston and accepted by Tedia in accordance with the Agreement.

50.     At present, Tedia has not delivered to Weston any products listed on any PO or OA.

51.     On September 1, 2022, Hoon on behalf of Tedia, sent an email to Weston stating that "after the transaction in early March this year, China is under the jurisdiction of Anhui Tedia and all obligations to Weston in that region were transferred as part of

the transaction," and "we [Tedia] are in a process of converting all of the Tedia Fairfield sales to Weston to Anhui Tedia as agreed in the purchase agreement [between Tedia and Titan]," and instructs Weston to "continue working closely with Anhui Tedia and Titan to buy the products produced by Tedia Fairfield [Tedia]…"

52.     Hoon's email confirmed Tedia's breach of the Agreement and intent to continue breaching the Agreement by selling Tedia Products to or through Anhui Tedia and/or Titan, who now owns Anhui Tedia, and who is now a direct competitor to Weston.

53.     Weston never agreed to any modification to the Agreement or the process by which Tedia Products that were ordered from Tedia by Weston were shipped directly to Weston in China.

54.     On September 6, 2022, Weston responded to Hoon's email stating that it was the first time Weston was hearing of the purported change to Tedia and Weston's business under the Agreement.

55.     Weston's response email reminded Tedia that the Agreement is valid for Tedia and Anhui Tedia sales and included an attached copy of the Agreement.

56.     Weston's response also expressed surprise to hear for the first time that Tedia's transaction with Titan purportedly included the Agreement. A copy of Hoon's email and Weston's response are attached collectively hereto as **Exhibit P.**

57.     On December 19, 2022, Tedia informed Weston, via email (the "Email"), that the 9/17 PO – accepted by Tedia in OA46569 – had shipped in October 2022 and

10

would arrive at the Shanghai port within days. A copy of the Email is attached hereto as **Exhibit Q**.

58.     The Email demonstrates Tedia's failure to comply with the terms of the POs and OAs.

59.     Notably, Tedia Products identified in the Email do not match those identified on the POs and OAs.

60.     The Email also directs Tedia representatives to covert the prices for the Tedia Products from U.S. Dollars to Chinese Yuan ("RMB") and to include additional costs relating to import and custom clearance.

61.     Tedia requests the conversion of prices to RMB so "Weston can issue a new PO to Anhui Tedia" and that "without Weston's PO, Anhui Tedia would not be able to ship the container to Weston."

62.     Converting the prices from United States Dollars ("USD") to RMB violates the POs and OAs, which set the price for the Tedia Products in USD.

63.     Requiring Weston to re-issue purchase orders to Anhui Tedia also violates the Agreement as well as the POs and OAs.

64.     As set forth below, Tedia no longer holds any ownership interest in Anhui Tedia following the sale of all its interest to Titan – a prior customer and current competitor of Weston.

65.     Prior to Tedia selling its interest in Anhui Tedia to Titan, Tedia Products ordered by Weston were shipped directly to Weston and were paid for in USD.

66.     Shipping the Tedia Products ordered by Weston from Tedia through Anhui Tedia allows Anhui Tedia – which is now under the control of Weston's competitor, Titan – to increase the price of the Tedia Products being sold to Weston and/or delay or refuse to deliver the Tedia Products to Weston.

67.     Tedia forcing Weston to purchase Tedia Products it orders through Anhui Tedia violates the Agreement, as well as the POs and OAs, damages Weston, and is the equivalent of a car parts supplier forcing Ford to buy parts through General Motors.

68.     Tedia's repeated and continuous non-performances of the POs, which were issued by Weston and accepted and acknowledged by Tedia's pursuant to the Agreement, constitute a non-performance and violation of the Agreement.

BREACH OF THE AGREEMENT AND INTERFERENCE BY TEDIA

69.     In or about December 2021, Tedia, through its Hong Kong subsidiary/affiliate – Tedia Asia-Pacific Limited – sold all its ownership interest in Anhui Tedia to Titan, a publicly traded company located in China.

70.     Prior to December 2021, Titan was a customer of Weston for Tedia Products in China.

71.     As part of the purchase and sale by and between Tedia and Titan, Tedia transferred its Chinese trademark "Tedia" to Anhui Tedia.

72.     Tedia has maintained a close business relationship with Anhui Tedia.

73.     The Tedia Products manufactured by Anhui Tedia are made in reliance on Tedia's intellectual property and/or with Tedia's approval and/or assistance.

74.     Weston has the right pursuant to the Agreement, evidenced by the 2018 Certificate, to be and remain the *exclusive* distributor - authorized to sell, accept, and process orders – of all Tedia Products in China until at least December 31, 2023, whether those products are manufactured by Tedia in the U.S. or Anhui Tedia in China.

75.     Tedia has an obligation pursuant to the Agreement, evidenced by the 2018 Certificate, to ensure that Weston remains the *exclusive* distributor of all Tedia Products in China until at least December 31, 2023.

76.     On or around December 31, 2021, in violation of the Agreement, Anhui Tedia appointed Titan as its distributor for Tedia Products. The certificate appointing Titan as a distributor of Tedia Products in China in its original Chinese version along with a certified English translation is attached hereto as **Exhibit R**.

77.     Since on or about January 1, 2022, Titan has been marketing and selling Tedia Products in China in competition with Weston

78.     Based on information and belief, Tedia is supplying Tedia Products to Anhui Tedia and/or Titan.

79.     Tedia is shipping Tedia Products from its U.S. facility to Anhui Tedia with the understanding that Anhui Tedia will resell those Tedia Products to Weston and/or other customers or distributors including Titan in China in violation of the Agreement.

80.     Tedia shipping Tedia Products through Anhui Tedia – which is now owned by Weston's competitor, Titan – and forcing Weston to purchase those products from Anhui Tedia violates the Agreement.

81.     The supply of any Tedia Products to or through Anhui Tedia or Titan by Tedia violates the Agreement.

82.     Based on information and belief, Anhui Tedia is supplying Tedia Products – whether manufactured in the U.S. or China – to Titan.

83.     The supply of Tedia Products to Titan by Anhui Tedia violates the Agreement.

84.     Additionally, after the sale of Tedia's interest in Anhui Tedia to Titan, Anhui Tedia has unreasonably increased the purchasing cost of Tedia Products for Weston by an average of 73%.

85.     As a result of Tedia's conduct in violation of the Agreement, Titan and by extension Anhui Tedia have become competitors to Weston for the distribution of Tedia Products in China.

86.     Tedia's conduct, in concert with the conduct of Anhui Tedia and Titan, is intended to prohibit Weston from selling Tedia Products in China, thereby forcing Weston out of the market.

### COUNT I
### (Preliminary and Permanent Injunction)

87.     Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

88.     As demonstrated through this Verified Complaint, the facts indicate that there is a substantial likelihood that Weston will prevail on the merits of this action.

89.     Weston is suffering and will continue to suffer irreparable harm if Tedia is permitted to continue to engage in conduct and activity that violates the Agreement including: (i) shipping Tedia Products to Anhui Tedia or Titan for resale or distribution in China, even if to Weston; (ii) permitting or assisting Anhui Tedia to breach the Agreement by providing it resources necessary to manufacture, sell, and distribute Tedia Products in China to any person or entity other than Weston; and (iii) failing to deliver directly to Weston the Tedia Products ordered by Weston in accordance with the terms set forth in the Pos and Oas.

90.     If Tedia is permitted to continue breaching the Agreement and interfering with the Agreement and business relations between Weston and Anhui Tedia and assisting Anhui Tedia to breach its Agreement with Weston, the threatened injury to Weston will substantially outweighs the threat of harm to Tedia, or any third-party.

91.     In fact, third parties, particularly Weston's distributors and customers who purchase Tedia Products through Weston, are likely to be harmed if the injunction is not granted.

92.     In addition, third parties, particularly Weston's distributors and customers, are likely to be misled with regard to how Tedia Products are sold and distributed in China, causing irreparable harm to Weston and the market.

93.     The enforcement of contractual obligation furthers the public interest such that the public interest will be served by the injunctive relief sought by Weston.

15

<u>COUNT II</u>
**(Breach of Contract – the Agreement)**

94.     Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

95.     The Agreement constitutes a binding and enforceable contract between Tedia and Weston.

96.     Weston satisfied its obligations to Tedia under the Agreement.

97.     Tedia breached, and continues to breach, the terms of the Agreement by: (i) shipping Tedia Products to Anhui Tedia or Titan for distribution in China by a person or entity other than Weston; (ii) permitting or assisting Anhui Tedia to breach the Agreement by providing Tedia Products or the resources necessary to manufacture, sell, and distribute Tedia Products in China to any other person or entity, other than Weston; (iii) failing to deliver directly to Weston the Tedia Products ordered by Weston, particularly those listed on the POs and accepted by Tedia in the OAs, in accordance with the terms set forth therein; and (iv) refusing to ship any Tedia Product to Weston essentially constitutes non-performance of the Agreement, rendering the Agreement fruitless.

98.     As a direct and proximate result of Tedia's current and ongoing breach of the Agreement, Weston has and will continue to suffer damage in an amount to be determined at trial.

## COUNT III
### (Breach of Contract – Product Contracts)

99.     Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

100.    Each PO sent from Weston to Tedia, which were accepted and acknowledged by Tedia via the Oas, constitutes a binding and enforceable contract for the purchase and sale of goods, *i.e.*, the Tedia Products listed on the Pos and Oas (collectively, the "Product Contracts").

101.    Weston satisfied its obligations to Tedia under the Product Contracts.

102.    Tedia breached, and continues to breach, the Product Contracts by failing to deliver directly to Weston the Tedia Products ordered by Weston.

103.    As a direct and proximate result of Tedia's current and ongoing breach of the Product Contracts, Weston has and will continue to suffer damage in an amount to be determined at trial.

## COUNT IV
### (Promissory Estoppel – Exclusive Distributor)

104.     Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

105.    Tedia by issuing the Certificates, on behalf of itself and Anhui Tedia, made a clear and unambiguous promise to Weston that Weston is, and would remain, "Tedia's *exclusive* distributor in China" and that Weston would be "exclusively authorized to purchase from Tedia, market and sell 'Tedia' products in China" at least through December 31, 2023.

17

106.   It was reasonable and foreseeable for Weston to rely on Tedia's promises.

107.   Weston justifiably relied on the promises made by Tedia and, as a result, without limitation, invested substantial money, resources, and efforts into, among other things, the marketing and sale of Tedia Products, the building of distribution systems for Tedia Products throughout China, including more than 3,000 distribution outlets, and tens of thousands of end users, stocking Tedia inventory, leasing facilities for the storage of Tedia Products, and hiring necessary personal.

108.   As a direct and proximate result of Weston's justifiable reliance on Tedia's promises, Weston has and will continue to suffer damages in an amount to be determined at trial.

**COUNT V**
**(Promissory Estoppel – Tedia Products)**

109.   Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

110.   Tedia made a clear and unambiguous promise to Weston to deliver the Tedia Products listed on the Pos and Oas.

111.   It was reasonable and foreseeable for Weston to rely on Tedia's promises.

112.   Weston justifiably relied on the promises made by Tedia.

113.   As a direct and proximate result of Weston's justifiable reliance on Tedia's promises, Weston has and will continue to suffer damages in an amount to be determined at trial.

## COUNT VI
### (Unjust Enrichment)

114.    Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

115.    Weston conferred a benefit on Tedia by marketing and selling Tedia Products throughout China, resulting in "Tedia" becoming a well-known brand and gaining goodwill with customers in the Chinese market.

116.    Tedia has knowledge of the benefit conferred on it by Weston.

117.    Under the circumstances, it would be unjust to allow Tedia to retain the benefit conferred on it by Weston but refuse to fulfil its obligations owed to Weston. Such unjustified gain/benefit is in an amount to be determined at trial.

## COUNAT VII
### (Interference with a Business Contract)

118.    Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

119.    The Agreement is a valid business contract between Weston and Anhui Tedia.

120.    Tedia has knowledge of the Agreement between Weston and Anhui Tedia.

121.    On February 6, 2018, with the Agreement still in force, Tedia, on behalf of and as the majority owner of Anhui Tedia, executed and delivered the 2018 Certificate to Weston, which extended the term of the Agreement to December 31, 2023.

122.    Despite knowledge of the exact terms of the Agreement between Weston and Anhui Tedia and the obligation it imposes on Anhui Tedia until at least December

19

31, 2023, Tedia caused or assisted, and continue to cause or assist, Anhui Tedia to breach the Agreement.

123.    More specifically, Tedia has interfered with the Agreement between Weston and Anhui Tedia by: (i) shipping Tedia Products to Anhui Tedia for resale and/or distribution in China; (ii) permitting or assisting Anhui Tedia to manufacture or sell Tedia Products – which are made in reliance on Tedia's intellectual property and/or with Tedia's approval/assistance – to persons or entities other than Weston; and (iii) causing, assisting, or permitting Anhui Tedia to unreasonably increase the purchasing cost of Tedia Products for Weston.

124.    Tedia lacks sufficient justification for its actions.

125.    As a direct and proximate result of Tedia's tortious interference with the Agreement between Weston and Anhui Tedia, Weston has and will continue to suffer damages in an amount to be determined at trial.

## COUNT VIII
### (Interference with Business Relations)

126.    Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

127.    A business relationship exists between Weston and Anhui Tedia.

128.    Tedia has knowledge of that business relationship.

129.    Tedia has interfered with the business relationship between Weston and Anhui Tedia, causing a breach of that relationship.

130. More specifically, Tedia has interfered with the business relationship between Weston and Anhui Tedia by: (i) shipping Tedia Products to Anhui Tedia for resale and/or distribution in China; (ii) permitting or assisting Anhui Tedia to manufacture or sell Tedia Products – which are made in reliance on Tedia's intellectual property and/or with Tedia's approval/assistance - to persons or entities other than Weston; and (iii) causing, assisting, or permitting Anhui Tedia to unreasonably increase the purchasing cost of Tedia Products for Weston.

131. Tedia's interference has caused a breach of, and material change to, the business relationship between Weston and Anhui Tedia.

132. As a direct and proximate result of Tedia's tortious interference with the business relationship between Weston and Anhui Tedia, Weston has and will continue to suffer damage in an amount to be determined at trial.

## COUNT IX
### (Conversion)

133. Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

134. Weston has an ownership right and right to possess the Tedia Products ordered from Tedia via the POs and accepted by Tedia via the OAs.

135. Tedia has converted the Tedia Products to which Weston has ownership right and the right to possess by failing to deliver the products to Weston.

136.  As a direct and proximate result of Tedia's conversion of the Tedia Products to which Weston has ownership right and the right to possess, Weston has and will continue to suffer damage in an amount to be determined at trial.

## COUNT X
### (Fraud)

137.  Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

138.  Tedia's OAs accepting Weston's POs constitute representation to Weston regarding order and delivery of those Tedia Products.

139.  More particularly, Tedia's OAs constitute its representations that Tedia would deliver the Tedia Products to Weston in accordance with the quantity, unit price, total price, promised ship date and delivery destination of each product ordered.

140.  The representations made by Tedia to Weston were material to the transactions at hand.

141.  The representations made by Tedia to Weston were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether the representations were true or false that knowledge may be inferred.

142.  More particularly, Tedia knew at the time it issued the OAs to Weston that it could not or would not satisfy the representation conferred by the OAs to Weston; namely, that Tedia would deliver the Tedia Products directly to Weston in the quantity ordered at the quoted price, and by the promised ship date to the promised delivery destination.

143.    At the time of issuing the OAs, Tedia was in discussion of the sale of its ownership in Anhui Tedia to Titan, and Tedia intended to replace Weston with Anhui Tedia as its exclusive distributor in China, which was confirmed by Hoon's Email on September 1, 2022.

144.    The transaction with Titan was closed in December 2021, pursuant to which Tedia agreed to replace Weston with Anhui Tedia as the exclusive distributor, but Tedia concealed this substantial information and waited until September 2022 to notify Weston of the change of business via Hoon's Email.

145.    Tedia made such representations to and concealed important information from Weston with the intent to mislead Weston into relying upon them.

146.    Tedia made misrepresentations to and concealment of information from Weston, at least in part, so Weston did not take any action including filing declaratory judgment regarding Weston's exclusivity distributor status in China while Tedia sold its indirect ownership interest in Anhui Tedia to Titan, which sale was closed in December 2021, and while Tedia effectuated its change of ownership with NewHold Enterprises, LLC which transaction was closed in March 2022. In doing so, Tedia gave sufficient time to Anhui Tedia/Tian to create market confusion as to who is the authorized distributor, therefore gaining unfair advantage against Weston.

147.    Weston justifiably relied on the representation/concealment made to it by Tedia.

23

148. As a direct and proximate result of the representations/concealment made fraudulently by Tedia to Weston, Weston has and will continue to suffer damage in an amount to be determined at trial.

## COUNT XI
**(Declaratory Judgment)**

149. Weston repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if fully rewritten herein.

150. A real controversy exists between Weston and Tedia regarding the terms of and contractual obligations imposed by the Agreement and the POs for Tedia Products issued from Weston to Tedia under the Agreement.

151. This controversy is justiciable in nature.

152. Speedy relief is necessary to preserve the rights of Weston, because Tedia has, and continues to breach the Agreement in several ways; namely, by (i) shipping Tedia Products to persons or entities other than Weston, including, at a minimum, Anhui Tedia and/or Titan for distribution in China; (ii) permitting or assisting Anhui Tedia to breach its Agreement with Weston by providing it with Tedia Products and/or the resources necessary to manufacture, sell, and distribute Tedia Products in China to any other person or entity, except Weston; and (iii) failing to deliver directly to Weston the Tedia Products ordered by Weston, particularly those listed on the POs and accepted by Tedia in the OAs, in accordance with the terms set forth in the POs and OAs.

153. Weston is entitled to declaratory relief pursuant to R.C. 2721.02, *et seq.*

154. The controversy is ripe for resolution by this Court via judicial declaration of Weston and Tedia's respective rights and responsibilities under the Agreement and POs.

155. Weston requests this Court declare that:

(a) Weston is the exclusive distributor of all Tedia Products in China;

(b) Weston is exclusively authorized to purchase Tedia Products in China, to the exclusion of all other persons or entities;

(c) Tedia is bound to provide Tedia Products for distribution in China directly to Weston;

(d) The term of the Agreement continue until December 31, 2023, and as extended for the period of Tedia's breach, i.e., from September, 2021 to such a date that Tedia, either voluntarily or by Order of this Court, fully and continuously complies with the Agreement; and

(e) Tedia is bound to ship the Tedia Products ordered by Weston via the POs and accepted and acknowledged by Tedia via the OAs in accordance with the terms set froth therein, and directly to Weston.

WHEREFORE, Weston requests judgment be granted in its favor and against Tedia, as follows:

(A) **As to Count I**: An Order for a preliminary and permanent injunction that (i) prohibits Tedia from selling or providing Tedia Products to any person or entity, other than Weston, including Anhui Tedia or Titan, to be distributed in China for the remaining

term of the Agreement, which currently expires on December 31, 2023, but which should be extended by the period of Tedia's breach, *i.e.*, from September, 2021 to such a date that Tedia, either voluntarily or by Court Order, complies with the Agreement; (ii) prohibit Tedia from causing or assisting, in any way, Anhui Tedia from breaching the Agreement with Weston; and (iii) compel Tedia to fulfill Weston's orders, including those evidenced by the POs and OAs in accordance with the terms set forth therein, shipping the Tedia Products directly to Weston in China, until the end of the term of the Agreement as extended by the period of Tedia's breach.

(B)     **As to Counts II, III, IV, V, VI, and IX**:   Judgment for compensatory damages in an amount to be determined at trial, but which exceeds $75,000.00.

(C)     **As to Counts VII, VIII, and X**:   Judgment for compensatory and punitive damages in amounts to be determined at trial, but which exceeds $75,000.00.

(D)     **As to Count XI**:   Judgment declaring that under the Agreement:

(1)     Weston is the exclusive distributor of all Tedia Products in China;

(2)     Weston is exclusively authorized to purchase Tedia Products in China, to the exclusion of all other persons or entities;

(3)     Tedia is bound to provide Tedia Products for distribution in China directly to Weston;

(4)     Weston's exclusive right to market, sell, and distribute Tedia Products in China under the Agreement shall be enforced until, at least, December 31, 2023, as extended by the period of Tedia's breach of the Agreement;

(5)     The term of the Agreement continues until December 31, 2023, or as extended by the period of Tedia's breach of the Agreement; and

(6)     Tedia is bound to ship the Tedia Products ordered by Weston via the POs and accepted and acknowledged by Tedia via the OAs in accordance with the terms set froth therein, and directly to Weston.

(E)     **As to All Counts**: Judgment for reasonable costs and expenses incurred by Weston in connection with the prosecution of this action, including reasonable attorneys' fees, and such other relief, legal or equitable, that the Court deems suitable and proper.

Respectfully submitted,

/s/ Cory J. Martinson
Max E. Dehn (0079600)
Cory J. Martinson (0095586)
Cavitch, Familo & Durkin Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone:     (216) 621-7860
Facsimile:     (216) 621-3415
E-Mail:          mdehn@cavitch.com
                    cmartinson@cavitch.com
*Counsel for Plaintiff, Shanghai Weston Trading Co., Ltd.*

## VERIFICATION

I, Kang Zhou, an individual over 18 years of age and sound mind, declare as follows:

1.     I am a citizen of the People's Republic of China.

2.     I am the President and an authorized representative of the Plaintiff in this case, Shanghai Weston Trading Co., Ltd.

3.     I am familiar with, and have personal knowledge of, the facts referred to in the Verified Complaint, that I have read the *Verified Complaint for Injunctive Relief, Declaratory Judgment, and Compensatory and Punitive Damages*, and if called on to testify I would competently testify as to the matters stated therein.

4.     I verify under penalty of perjury under the laws of the United States of America that the factual statements and allegations set forth in the *Verified Complaint for Injunctive Relief, Declaratory Judgment, and Compensatory and Punitive Damages* are true and correct to the best of my knowledge, information, and belief. 28 U.S.C. §1746.

Kang Zhou

Date: Feb - 14 - 2023

28